1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2              WESTERN DIVISION

3  UNITED STATES OF AMERICA,    )    Docket No. 11 CR 50076
                                )
4              Plaintiff,       )    Rockford, Illinois
                                )    Thursday, May 2, 2013
5         v.                    )    11:00 o'clock a.m
                                )
6  ERIC INSELBERG,              )
                                )
7              Defendant.       )

8              TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE PHILIP G. REINHARD
9

APPEARANCES:
10

For the Government:         HON. GARY S. SHAPIRO
11                          Acting United States Attorney
                            (327 S. Church Street,
12                           Rockford, IL  61101) by
                            MR. MICHAEL D. LOVE
13                          Assistant U.S. Attorney

14  For the Defendant:         (No Appearance)

15  Court Reporter:            Mary T. Lindbloom
                               327 S. Church Street
16                             Rockford, Illinois  61101
                               (815) 987-4486
17

18

19

20

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com

1    THE CLERK: 11 CR 50076, U.S.A. v. Eric Inselberg.

2    MR. LOVE: Good morning, your Honor. Mike Love on

3 behalf of the United States.

4    THE COURT: Good morning. You say unopposed United

5 States combined motions for leave to dismiss the indictment.

6 What do you mean combined motions?

7    MR. LOVE: Well, the rule seems to contemplate that

8 first I have to ask the court for permission to file a motion to

9 dismiss, and so I wanted to do it in a single step, if possible.

10    THE COURT: All right. That's all right. Then I

11 understand what it is. And Eric Inselberg is an isolated --

12 it's one case; is that right?

13    MR. LOVE: That's correct, your Honor.

14    THE COURT: And let me just look and see. It's part of

15 this sports memorabilia business that you have a number of

16 indictments on, but they're all separate; is that correct?

17    MR. LOVE: That is correct, Judge.

18    THE COURT: And you're seeking to dismiss this because

19 it's going to be prosecuted someplace else?

20    MR. LOVE: No, your Honor. It's a dismissal, complete

21 dismissal. I can tell the court that the U.S. Attorney's Office

22 reevaluated the strength of the case in light of some new facts

23 that were pointed out to us by defense counsel, and we

24 determined that the prosecution was no longer appropriate.

25    THE COURT: All right. I appreciate that, and that's

1    why I wanted to get you in front of me, to know what is

2    happening.  Also, there are pending motions that the defense

3    counsel had filed.

4             MR. LOVE:  That's correct, your Honor.

5             THE COURT:  And those would be dismissed along with the

6    case.

7             MR. LOVE:  Yes, your Honor.

8             THE COURT:  All right.  I understand.  And based on the

9    government's motion, the indictment against Eric Inselberg will

10   be dismissed, and all pending motions are denied as moot.

11            MR. LOVE:  Thank you, your Honor.

12            THE COURT:  Anything else?

13            MR. LOVE:  No, your Honor.

14            THE COURT:  And I take it that -- is there any bond

15   that was posted, or was this a recog bond?

16            MR. LOVE:  I believe -- my recollection is a recog

17   bond, Judge.

18            THE COURT:  All right.  Well, if that's the case --

19   you'll go back and check.  I mean, if you find that there was a

20   cash bond posted, then call Jen, and I would include that in my

21   order that the bond can be released.

22            MR. LOVE:  I understand, and I'll do that.  I will also

23   mention to the court that with regard to the other cases that

24   involved sports memorabilia that are pending for sentencing

25   before the court, one of the defendants, Schumaker, is going to

1  be continuing to cooperate in other matters through our --

2  matters in our Chicago office.

3         The other defendants I have advised their attorneys

4  that we had made the motion with regard to Mr. Inselberg and

5  that I would be working with them and with the court to schedule

6  their sentencings.

7         THE COURT:  Usually, I would have -- the probation

8  office would have gone ahead and done the PSRs.  So, if that's

9  the case, just notify Jen that you're ready and on which cases.

10        MR. LOVE:  Okay.  Will do, Judge.

11        THE COURT:  And then if you want to -- probably about

12  all of them are out-of-town attorneys?

13        MR. LOVE:  Yes, they are, with the exception of

14  Mr. Gaziano.

15        THE COURT:  All right.  Well, maybe you could give us

16  an idea of dates, you know, a couple of dates, so we can

17  schedule it.

18        MR. LOVE:  Would you prefer to do them fairly close

19  together since they're similar?

20        THE COURT:  Probably.  Probably.  I do recall the

21  pleas, and I know most of them are probably still businessmen.

22        MR. LOVE:  That's correct, your Honor.

23        THE COURT:  So, yes, it's helpful to have related --

24  even though they're not directly related, they're all the same

25  subject matter.

1      MR. LOVE:   Correct.

2          THE COURT:   Yes, that would help.   So, I guess we want

3   you to ahead of time talk with the other attorneys and say look

4   it.   We've got to start setting these for sentencing.   And if

5   you've got some suggested times in -- even as late as sometime

6   late this month, you could do that, but June or July or August

7   or September.   The earlier the better.

8          MR. LOVE:   Understood.   I will let you know, Judge,

9   that in one of them there was a typographical error and a

10  difference between a date in the information to which the

11  defendant pled guilty.   That was the wrong date off by a year or

12  a month, something like that.   It was correct in the factual

13  version in the plea agreement, but it was still our plan to

14  advise the court and, if the court agrees, to schedule to redo

15  the plea, I guess.

16         THE COURT:   Well, usually, I think you -- an

17  information you can amend on its face in front of me.

18         MR. LOVE:   Yes.

19         THE COURT:   And I don't think I have to go through the

20  entire litany.   I'll straighten it out.

21         MR. LOVE:   Understood.   Thank you, Judge.

22         THE COURT:   All right.

23         MR. LOVE:   Thank you.

24         THE COURT:   That's all.

25

1       (Which were all the proceedings had in the above-entitled

2       cause on the day and date aforesaid.)

3       I certify that the foregoing is a correct transcript from

4  the record of proceedings in the above-entitled matter.

5

6

7  Mary T. Lindbloom
   Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com