**FILED**

*... 2011*

MAGISTRATE JUDGE ......... MAHONEY
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 11-CR-50076 |
| vs. | ) | |
| | ) | Violations: Title 18, United States Code, Section 1341 |
| ERIC INSELBERG | ) | |

Judge Reinhard

## COUNT ONE

The SEPTEMBER 2010 GRAND JURY charges:

1. At times material herein:

    (a) The sports memorabilia business involved the purchase and sale of equipment and uniforms that had been used by professional and collegiate athletes.

    (b) Jerseys worn by professional and collegiate athletes during a game were usually known as "game used" jerseys, but sometimes also known as "game worn" jerseys. These jerseys were a common type of sports memorabilia that was bought and sold by collectors and others. The value of game used jerseys varied based on factors such as the popularity of the player that used the jersey and the how long it had been since the player had actively played the sport. The value of a jersey was greater if it was game used.

    (c) Sports trading cards are usually small cards made out of paperboard or other thick paper that contain an image of a specific athlete and a small amount of information about the athlete, such as statistical information. In order to increase the value and price of packages of cards, manufacturers frequently purchased game used jerseys, cut

the jerseys into small pieces, and inserted the pieces into card packages. When game used jerseys were purchased for this purpose, the manufacturers often required that the seller provide a certification that the jerseys were authentic game used jerseys. These documents were commonly called "certificates of authenticity."

    (d)    Defendant ERIC INSELBERG was a resident of New Jersey;

    (e)    Taylor Huff, Inc. ("Taylor Huff") was a business engaged in the purchase and sale of sports memorabilia, including jerseys that were represented to buyers as having been worn by NFL players during games. Defendant ERIC INSELBERG was involved in Taylor Huff's business operations;

    (f)    Pasadena Trading Corp. ("Pasadena Trading") was a business engaged in the purchase and sale of sports memorabilia, including jerseys that were represented to buyers as having been worn by NFL players during games. Defendant ERIC INSELBERG was involved in Pasadena Trading's business operations.

    2.    From in or about late 2001 through in or about late 2009, at Rockford, Illinois, in the Northern District of Illinois, Western Division, New Jersey, and elsewhere,

ERIC INSELBERG

defendant herein, and others, devised, intended to devise and participated in a scheme and artifice to defraud buyers of game used jerseys, and to obtain money and property by means of materially false and fraudulent pretenses, promises and representations and material omissions, which fraudulent scheme is more fully described in the following paragraphs.

2

3. The object of the scheme to defraud was to sell, consign, or auction jerseys by falsely and fraudulently representing to the buyers that the jerseys were game used, when in fact, as the defendant well knew, the jerseys were not game used.

4. As part of the scheme to defraud, the defendant and others obtained and caused to be obtained hundreds of jerseys from a variety of sources, including retail sellers.

5. It was also a part of the scheme to defraud that the defendant and others frequently changed, or caused changes to the jerseys' appearance by roughening, scuffing, washing, dirtying, or otherwise changing the appearance of the jerseys to make them appear that they had actual "wear and tear."

6. It was also a part of the scheme to defraud that the defendant and others re-sold, consigned, and auctioned the same jerseys for hundreds of thousands of dollars to sports trading card companies and other buyers by falsely and fraudulently misrepresenting to the buyers that the jerseys were game used, when in fact, as the defendant well knew, the jerseys were not game used.

7. It was also a part of the scheme to defraud that the when the defendant and others re-sold many of these jerseys, they provided or caused to be provided to the buyers, certificates of authenticity that falsely and fraudulently misrepresented that the jerseys were game used jerseys.

8. It was also a part of the scheme to defraud that the defendant frequently re-sold the jerseys, or caused the jerseys to be re-sold in his name, Taylor Huff's name, or Pasadena

3

Trading's name.

9. On or about April 5, 2009, at Rockford, in the Northern District of Illinois, Western Division,

ERIC INSELBERG,

defendant herein, for the purpose of executing the scheme and attempting to do so, knowingly caused to be deposited for delivery by an interstate carrier, namely United Parcel Service, according to the directions thereon, a package addressed to the defendant in West New York, New Jersey, which package contained jerseys;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SEPTEMBER 2010 GRAND JURY further charges:

1. Paragraphs 1 through 8 of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2. On or about March 12, 2008, at Rockford, in the Northern District of Illinois, Western Division,

ERIC INSELBERG,

defendant herein, for the purpose of executing the scheme and attempting to do so, knowingly caused to be deposited for delivery by an interstate carrier, namely United Parcel Service, according to the directions thereon, a package addressed to the defendant in West New York, New Jersey, which package contained jerseys;

In violation of Title 18, United States Code, Section 1341.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

5